EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

Norberto Colón Alvarado
(TS-12,160) | 2024 TSPR 5

213 DPR ___ |

Número del Caso: AB-2021-0201

Fecha: 26 de enero de 2024

Abogados de la parte promovida:

     Lcdo. Juan E. Medina Quintana
     Lcdo. Virgilio Mainardi Peralta
     Lcdo. Luis Manuel García Tous

Oficina del Procurador General:

     Lcdo. Omar Andino Figueroa
     Subprocurador General

     Lcda. Mabel Sotomayor Hernández
     Subprocuradora General

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar

Oficina de Inspección de Notarías:

     Lcdo. Manuel E. Ávila De Jesús
     Director

Materia: Conducta Profesional — Suspensión inmediata e indefinida del ejercicio de la abogacía por infracción a los Cánones 18, 35, y 38 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Norberto Colón Alvarado

TS-(12,160)

AB-2021-0201

**PER CURIAM**

En San Juan, Puerto Rico, a 26 de enero de 2024.

Nuevamente, nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la abogacía por incumplir con los postulados éticos que rigen la gestión de todos los miembros de la profesión legal. En esta ocasión, intervenimos con el Lcdo. Norberto Colón Alvarado (promovido), por infringir los Cánones 18, 35 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Como detallaremos a continuación, las actuaciones que cimientan la presente *Opinión Per Curiam* surgen de varias transacciones, indebidamente realizadas por el letrado de epígrafe, al autorizar múltiples traspasos de titularidad de vehículos de motor.

Por entender que el licenciado Colón Alvarado faltó a su deber hacia la verdad y empañó la dignidad de la profesión al momento de autenticar varias firmas de manera ilegítima, y certificar como veraces ciertos hechos que eran falsos aun con conocimiento de su falsedad, lo suspendemos de manera inmediata e indefinida del ejercicio de la abogacía. Veamos.

# I.

Los hechos pertinentes a este caso se encuentran consignados en la *Opinión Per Curiam* que emitimos el 8 de agosto de 2023 en donde suspendimos al licenciado Colón Alvarado de su práctica notarial. Sin ánimos de reproducir lo que allí expresamos, procedemos a hacer un recuento sucinto del trasfondo procesal atinente.

El letrado Colón Alvarado fue admitido al ejercicio de la abogacía el pasado 21 de enero de 1998 y prestó juramento como notario e1 11 de junio del mismo año.

El 15 de diciembre de 2021, la exfiscal de la Unidad de Delitos Económicos del Departamento de Justicia de Puerto Rico, Estelle L. Vilar Santos (promovente), presentó una *Queja* en contra del licenciado Colón Alvarado. En ella, señaló múltiples irregularidades en la función notarial del promovido, particularmente, en seis (6) traspasos de vehículos que fueron legitimados ante este mediante las siguientes declaraciones juradas:

**(1) Afidávit Número 21550, mediante el cual autorizó el traspaso del título de un vehículo marca Jeep del año 1971;**

**(2) Affidávit Número 26109, mediante el cual autorizó el traspaso del título de un vehículo marca Honda del año 2007.**

(3) Afidávit Número 22148, mediante el cual autorizó el traspaso del título de un vehículo marca Suzuki del año 2001;

(4) Afidávit Número 23236, mediante el cual autorizó el traspaso del título de un vehículo marca Suzuki del año 2013;

(5) Afidávit Número 24281, mediante el cual autorizó el traspaso del título de un vehículo marca Nissan del año 2005; y

(6) Afidávit Número 24750, mediante el cual autorizó el traspaso del título de un vehículo marca Suzuki del año 2008.

En esa línea, la exfiscal Vilar Santos adujo que el promovido **legitimó varios traspasos sin tener a las partes firmantes presentes, que legitimó firmas que no pertenecían a las partes declarantes y que, además, acreditó la firma de una persona a pesar de que la misma se encontraba fallecida al momento de la declaración.**

Posteriormente, el 4 de abril de 2022, el licenciado Colón Alvarado presentó su *Contestación a la Queja*. En esencia, negó recordar la mayoría de los hechos allí imputados. Ahora bien, en cuanto al *Affidavit* número 26109, el letrado aceptó haber actuado erróneamente al acreditar la identificación de las partes aun cuando tenía conocimiento personal de que una de las partes comparecientes ──*la vendedora*── no era quien decía ser.

Así las cosas, el asunto fue referido a la Oficina de Inspección de Notarías (ODIN) y a la Oficina del Procurador General de Puerto Rico para que cada ente nos presentara su correspondiente informe. ODIN hizo lo propio el 14 de abril de 2023 y el asunto fue atendido por este

Tribunal, eventualmente, a través de una *Opinión Per Curiam*.[1]

Por su parte, el Procurador General presentó su *Informe* el pasado 2 de octubre de 2023. En este, al igual que en su momento lo hizo ODIN, concluyó que el licenciado Colón Alvarado había dado fe sobre la comparecencia de ciertas personas firmantes ante sí **aun cuando, en efecto, conocía que esa representación era falsa**. La anterior conclusión versó, particularmente, sobre los affidavits **número 21550 y 26109**. Asimismo, coligió que puede demostrar que el promovido, falsamente, dio fe de que los comparecientes de los affidavits número 22148, 23236, 24281 y 24750, no firmaron en su presencia. Por todo lo anterior, razonó que el promovido actuó en contravención a los Artículos 2, 12, *56* y 57 de la Ley Notarial, las Reglas 12, 29, 65 y 67 del Reglamento Notarial y los Cánones 18, *35* y 38 de Ética Profesional.[2]

Consecuentemente, le otorgamos un término al promovido para que se expresara en cuanto al *Informe* del Procurador. En cumplimiento con lo ordenado, el 27 de noviembre de 2023 el licenciado Colón Alvarado presentó su réplica al informe.

Contando con el beneficio de ambas partes, pasamos a resolver.

---

[1] Véase, *In re Colón Alvarado*, 2023 TSPR 98, 212 DPR ___ (2023).
[2] 4 LPRA sec 2001 *et seq.*; 4 LPRA Ap. XXIV y 4 LPRA Ap. IX respectivamente.

**II.**

Los profesionales del Derecho en nuestra isla, independientemente de que se dediquen a la abogacía o la notaría, están sujetos a cumplir con múltiples preceptos éticos que rigen la profesión.

El Artículo 2 de la Ley Notarial de Puerto Rico, *supra*, consagra el principio de la fe pública notarial, y dispone que

> "El notario es el profesional del Derecho que ejerce una función pública, autorizado para dar fe y autenticidad conforme a las leyes de los negocios jurídicos y demás actos y hechos extrajudiciales que ante él se realicen, sin perjuicio de lo dispuesto en las leyes especiales. Es su función recibir e interpretar la voluntad de las partes, dándole forma legal, redactar las escrituras y documentos notariales a tal fin y conferirle autoridad a los mismos. La fe pública al notario es plena respecto a los hechos que, en el ejercicio de su función personalmente ejecute o compruebe y también respecto a la forma, lugar, día y hora del otorgamiento".[3]

En sintonía con lo anterior, hemos expresado que "la función que ejerce el notario va más allá de fungir como un autómata que legaliza las firmas, ya que posee el deber de verificar que el instrumento público cumpla con todas las formalidades de la ley, que es legal y verdadero, y finalmente, que es una transacción legítima y válida".[4]

Por otra parte, el Artículo 56 de la Ley Notarial, *supra*, establece lo siguiente:

---

[3] 4 LPRA sec. 2002.
[4] *In re Villalona Viera*, 206 DPR 360, 379 (2021).

> Llámese testimonio o declaración de autenticidad al documento mediante el cual un Notario a requerimiento de parte interesada, da testimonio de fe de un documento no matriz, además de la fecha del testimonio:
>
> (1) **de la legitimación de las firmas que en él aparezcan,** siempre que no se trate de los actos comprendidos en el Artículo 5 de esta Ley ni en los incisos 1 al 6 del Artículo 1232 del Código Civil vigente;
>
> (2) **de haber tomado juramento por escrito;**
>
> […]
>
> El Notario no asume responsabilidad alguna por el contenido del documento privado cuyas firmas legitime.

Como consecuencia de lo anterior, los notarios y las notarias no pueden dar fe notarial en un documento en el cual la persona que pretende la otorgación no compareció personalmente.[5] Sobre este particular, hemos expresado que

> "[L]os notarios y las notarias deben abstenerse de dar fe notarial de una declaración jurada si la persona que va a otorgar el documento o la declaración jurada no ha comparecido personalmente". De hacerlo, ese funcionario "transgrede la fe pública notarial y perjudica la confianza depositada en el sistema de autenticidad documental".[6]

Asimismo, la Regla 67 del Reglamento Notarial, *supra*, establece de manera diáfana que, el testimonio de legitimación de firma acredita el hecho de que, en determinada fecha, **se firmó un documento en presencia del notario o de la notaria y que esa persona es quien dice ser.** También, establece que la legitimación de la firma podrá o no comprender el juramento. Además, obliga al

---

[5] *In re González Pérez, supra*, pág. 647.
[6] Íd., pág. 648, citando a *In re Flores Martínez*, 199 DPR 691, 702 (2018).

notario o notaria a hacer constar, tanto en el testimonio como en el *Registro de Testimonios*, que conoce personalmente a la parte firmante o que, en la alternativa, la ha identificado mediante los métodos supletorios que provee el Art. 17 de la Ley Notarial de Puerto Rico, *supra*. Similar disposición contiene la Regla 29 del Reglamento Notarial, *supra*. De esta forma, el notario o la notaria garantiza la identidad de la persona firmante y que el acto se realizó en su presencia.[7]

En ese sentido, **la acción de certificar un hecho falso es una de las faltas más graves que puede cometer un miembro de la profesión legal, aun cuando no medie intención. Este tipo de infracción podría acarrear la <u>suspensión inmediata e indefinida de la práctica de la abogacía y de la notaría</u>**.[8] Esto es así pues autorizar una declaración jurada sin la presencia del firmante constituye la certificación de un hecho falso que transgrede la fe pública notarial y afecta la confianza del sistema de autenticidad documental.

De hecho, hemos expresado que este tipo de falta quebranta los Cánones 18, 35 y 38 del Código de Ética Profesional, por lo que podría acarrear la suspensión

---

[7] *In re González Pérez, supra*, pág. 647; *In re Rafols Van Derdys*, 211 DPR ___ (2022). Véase, además, *In re Villalona Viera*, 206 DPR 360 (2021).
[8] *In re Rafols Van Derdys*, supra.

inmediata e indefinida de la práctica de la abogacía y de la notaría.[9]

Respecto al Canon 18 del Código de Ética Profesional, *supra*, es harto conocido que éste requiere que los abogados ejerzan una labor idónea, competente y diligente.[10] También, exige que los abogados, en el desempeño de su función notarial, corroboren que aquellos documentos que autorizan cumplen cabalmente con las normas legales aplicables.[11] Es por ello que, continuamente, hemos concluido que infringir las disposiciones de la Ley Notarial y su reglamento, al no ejercer la profesión con el cuidado y la prudencia que esta requiere, es una práctica indeseable que redunda en una violación del Canon 18, *supra*.[12]

Por su parte, el Canon 35 del Código de Ética Profesional, *supra*, les impone a los abogados el deber de conducirse con integridad, sinceridad y honradez.[13] Concretamente, este precepto ético obliga a que los notarios se ajusten a la sinceridad de los hechos al redactar afidávits u otros documentos. Así, pues, el togado que asevera que una parte compareció ante él sin que ello sea cierto falta a la verdad y socava la

---

[9] Íd. Véanse, además, *In re González Pérez*, supra; *In re Villalona Viera*, supra, pág. 370.
[10] *In re Sánchez Pérez*, 210 DPR 235 (2022); *In re Rivera Pérez*, 208 DPR 805.
[11] *In re Maldonado de Jesús*, 208 DPR 601 (2022).
[12] *In re Villalona Viera*, supra.
[13] *In re González Pérez*, supra.

integridad de la profesión.[14] Tal como hemos reconocido, en lo concerniente al ejercicio de la abogacía, este canon se incumple por el simple hecho de faltar a la verdad, independientemente de las razones que lo motiven.[15]

Asimismo, el abogado que certifica un hecho falso también infringe el deber de practicar la profesión de forma honrosa y digna que impone el Canon 38, *supra*.[16] No olvidemos que este principio deontológico instituye el cometido de evitar hasta la apariencia de conducta profesional impropia. De esta forma, el notario que no desempeña con cautela y celo la función pública del notariado fracasa en exaltar la profesión legal.[17]

### III.

Los preceptos ético-legales que se le impone a la práctica jurídica tienen como objetivo propiciar que los abogados se desempeñen acorde a los más altos principios de conducta para beneficio de la profesión, la ciudadanía y las instituciones del país.

En lo pertinente a este caso, surge de la investigación e *Informe* que nos presentó el Procurador General, que el licenciado Colón Alvarado infringió en múltiples ocasiones preceptos estatuidos en la Ley

---

[14] *In re Crespo Pendás*, 209 DPR 1036 (2022).
[15] *In re Lugo Quiñones*, 206 DPR 1, 12 (2021).
[16] *In re Villalona Viera*, supra.
[17] Íd.

Notarial, el Reglamento Notarial y el Código de Ética Profesional.

En primer lugar, la declaración jurada **numero 21550** está relacionada con un traspaso de título de vehículo de motor otorgado por Felipe Colón Rodríguez y Juan De Jesús Colón, a quienes el letrado identificó mediante sus licencias de conducir. El licenciado Colón Almodóvar **realizó esta gestión el 29 de abril de 2016. Sin embargo, el señor Colón Rodríguez había fallecido el 6 de marzo de 2011, es decir, cinco (5) años antes de que se otorgara la declaración jurada para el traspaso vehicular**. En ese sentido, resulta imposible que **este acudiera ante el abogado y que lo pudiera identificar mediante una licencia de conducir.**

Cabe destacar, además, que el señor De Jesús Colón le **declaró bajo juramento al Fiscal Auxiliar Miguel R. Alameda Rodríguez que no estuvo presente cuando el promovido lleno el documento de traspaso**.

Por otra parte, en lo que respecta al **testimonio 26109,** surge que este fue suscrito y jurado ante el promovido el 4 de enero del 2018 por los comparecientes Ida G. Borrero Espada —*como vendedora*— y Mariano Guillermo Santiago —*como comprador*—. La señora Borrero Espada era la titular de un automóvil, pero lo entregó vía "*trade in*" en un concesionario de vehículos en Ponce, el

cual lo vendió a un tercero y fue este tercero quien acudió donde el promovido para realizar el traspaso donde aparecía la señora Borrero como parte.

Ahora bien, no existe controversia respecto a la falta crasa incurrida por el promovido en cuanto este asunto, pues la señora Borrero Espada **no estuvo presente al momento de firmar** la declaración jurada y el licenciado Colón Almodóvar **así lo admitió**. Es decir, aceptó que **dio fe de un hecho del cual conocía plenamente su falsedad**. No conteste con lo anterior, el promovido también dio fe de tal falsedad al incluirlo en el *Informe Mensual Sobre Actividad Notarial*. Claramente, esta gestión denotó una falta clara hacia el deber que tenía el letrado para con la verdad.

No albergamos duda de que las acciones del licenciado Colón Alvarado mancillaron la excelsa imagen sobre la cual deben conducirse y desempeñarse en sus funciones todos los miembros de la clase togada.

A la luz de los hechos y el derecho aplicable, concluimos que las actuaciones del licenciado Colón Alvarado fueron contrarias a lo dispuesto en los Cánones 18, 35 y 38 de Ética Profesional.

Como hemos expresado en reiteradas ocasiones, al momento de imponer la sanción disciplinaria a un abogado que haya incurrido en conducta violatoria del Código de

Ética Profesional, evaluamos, entre otras cosas, la reputación del abogado en la comunidad, su historial previo y la aceptación y arrepentimiento sincero sobre la falta.[18] Sobre este último elemento, debemos destacar que en la moción que el promovido presentó como reacción al *Informe* del Procurador General, **este aceptó que su conducta lesionó múltiples preceptos éticos** relacionados con la Ley Notarial, *supra,* su Reglamento y con los Cánones de Ética Profesional, *supra*. Arguyó que sus actuaciones no estuvieron instruidas a lucrarse, sino que fue un "injustificable descuido". Asimismo, incluyó múltiples declaraciones juradas que atestiguan su buena reputación.

## IV.

Tal como reconocimos en la *Opinión Per Curiam* que emitimos contra este mismo licenciado en agosto del año pasado, luego de reconocer el incumplimiento del abogado promovido, señalamos que, tanto en el 2017 como en el 2018, el letrado atravesó por diferentes procesos disciplinarios los cuales fueron archivados, no sin antes haber sido apercibido de que en el futuro fuese más diligente y cuidadoso para con sus asuntos notariales. De igual forma, destacamos que el promovido aceptó su falta únicamente en cuanto a la consignación falsa relacionada con el testimonio 26109.

---

[18] *In re Rivera Grau*, 196 DPR 522, 539 (2016).

Así, pues, evaluado y ponderado el Derecho aplicable, y las infracciones incurridas por el licenciado Colón Alvarado, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, tendrá la obligación de acreditar a este Tribunal el cumplimiento con lo aquí ordenado, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de 30 días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la profesión legal de solicitarlo en el futuro.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: | | |
| Norberto Colón Alvarado (TS-12,160) | AB-2021-0201 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente *Sentencia*, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía del Lcdo. Norberto Colón Alvarado.

A la luz de lo anterior, le imponemos al letrado el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos donde tenga asuntos pendientes. Deberá, además, acreditar y certificarnos el cumplimiento de estos deberes incluyendo una lista de los clientes y los foros a quienes le haya notificado de su suspensión, dentro del término de treinta (30) días, a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*. No hacerlo, pudiera conllevar que no se le reinstale al ejercicio de la profesión de solicitarlo en el futuro.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo